UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>Plaintiff,<br><br>v.<br><br>MATT CHISHOLM, et al.,<br><br>Defendants. | No. 2:19-cv-1254 TLN AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a Sacramento County Jail inmate proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff's request to proceed in forma pauperis is granted; however, the undersigned recommends that this action be dismissed without leave to amend for failure to state a cognizable claim against a proper defendant.

II.     In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

1

Plaintiff must still pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III. Screening of Plaintiff's Complaint

A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

The complaint alleges that "Depy. District Attorney Matt Chisholm violated the petitioner['s] state and federal due process under the Sixth & Fourteenth Amendment." ECF No. 1 at 3. Plaintiff explains that Chisholm "allowed his witness [the alleged victim] to commit perjury" in plaintiff's jury trial, and "used known false evidence" to convict him. Id. Plaintiff also alleges that the District Attorney's Office "published the false testimony in the Sacramento Bee newspaper and defam[ed] the petitioner['s] name and put the petitioner['s] life in danger." Id. The named defendants are Sacramento County Deputy District Attorney Matt Chisholm, the Sacramento County District Attorney's Office, and Sacramento County. Id. at 2.

C. Analysis

District attorneys acting within the scope of their quasi-judicial duties as advocates for the state are absolutely immune from civil suits for damages under Section 1983. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). This immunity applies to the initiation and presentation of a criminal prosecution and the evidence used in that prosecution. Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of

3

exculpatory evidence must be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984) (citing, inter alia, Imbler, 424 U.S. 409).

Plaintiff's contention that his conviction was based on false evidence can be pursued only in a habeas corpus action.  The undersigned notes that plaintiff has a petition for writ of habeas corpus pending in this court.  See Hickman v. People of the State of California, Case No. 2:18-cv-2967 KJM CKD P (briefed and submitted for decision).  A prisoner may not proceed under Section 1983 if he is currently serving a sentence based on the conviction he challenges; he is foreclosed from proceeding in a civil damages action without proof that his conviction or sentence have been reversed, expunged or invalidated.  Heck v. Humphrey, 512 U.S. 477 (1994).

As for plaintiff's putative defamation claim, the challenged statements by the District Attorney's Office to the press appear to reflect no more than the evidence found true by the jury in reaching their verdict to convict plaintiff.  "The sine qua non of recovery for defamation . . . is the existence of [demonstrated] falsehood."  Letter Carriers v. Austin, 418 U.S. 264, 283 (1974).

For these reasons, the court finds that the complaint fails to state a cognizable civil rights claim under 42 U.S.C. § 1983, and that amendment of the complaint would be futile.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and for seeking monetary relief from a defendant who is immune from such relief, 28 U.S.C. §

4

1915A(b)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE